DREW, Justice
(concurring specially).
In voting to deny the petition for rehearing in Easterlin v. City of New Port Richey, Fla., 105 So.2d 361, 363, I endeavored to make it quite clear that I concurred in the majority opinion prepared for the Court by Mr. Justice Thomas because of my conclusion that the charter of the City of New Port Richey, as I construed its pertinent provisions, prohibited the City from issuing bonds for the construction of a municipal lighting or water plant without an affirmative vote of its registered freeholders at an election held for that purpose, and I expressed the fixed view, basing my conclusion on North Shore Bank v. Town of Surfside, Fla., 72 So.2d 659, that “inasmuch as the charter of the City specifically provided the manner in which a public water supply could be financed, the power to do it in another manner cannot be implied.” As far as I went in that opinion, I think I was correct but I am now convinced that I should have given more consideration and a more careful study to the holdings of this Court in the cases of State v. City of Miami, 113 Fla. 280, 152 So. 6, and State v. City of Daytona Beach, 118 Fla. 29, 158 So. 300, referred to in the foregoing opinion prepared for the Court by Mr. Justice THORNAL. I think my failure to do so contributed to the confusion and uncertainty as to the status of the law in this field created thereby. I agree that this matter should be straightened out now and the confusion which has been created by the opinion in the New Port Richey case, including the special concurring opinion on rehearing of the author, should be clarified and, to the extent necessary to ensure stability in the law, holdings in the New Port Richey case contrary to those pronounced in the foregoing opinion should be receded from. For these reasons I am privileged to concur in the opinion approving and validating the bonds here questioned. Judges make mistakes like everybody else. The fact that the mistake was recently made should not deter us in correcting it. On the contrary, we should hasten to do so as we have here.